FRANCES C. TAYLOR, IN HER OWN RIGHT AND AS ADMINISTRATRIX, *Appellant*, v. JAMES B. HODGES, *Appellee*.

Opinion Filed June 3, 1913.

1. Testimony from a party that he kept a set of books, which had been destroyed, is not admissible as primary evidence to prove an account against a decedent.

2. A general denial of indebtedness by an administrator does not render competent evidence by the other party of a secret transaction with the intestate.

Appealed from the Circuit Court of Columbia County.

Decree reversed.

*Cone & Chapman,* for Appellant;

*A. J. Henry,* for Appellee.

COCKRELL, J.—In his bill, Hodges, appellee here, alleged that on the 17th day of March, 1904, J. S. Taylor,

the husband and intestate of Frances C. Taylor, was indebted to J. O. Evans in the sum of one thousand dollars, and to secure the payment the Taylors executed a mortgage on realty in Columbia County, which lien he prays to be enforced, answer under oath was not specifically waived in the bill. Mrs. Taylor answerd by counsel, her signature being waived, denying that there was any indebtedness at all, but alleging that the sole consideration for the mortgage was to secure Evans, who was about to join her husband as one of the sureties on a thousand dollar appearance bond for their son, who had been bound over for shooting a negro, which bond had been discharged upon the failure of the grand jury to find a true bill. The mortgage became due on its face March 17, 1905, and was recorded July 21, 1905. J. S. Taylor died Decmber 28, 1908, and this bill was filed April 22, 1911, just after the mortgage was transferred by Evans to Hodges.

The complainant did not insist upon an answer under oath, but filed his general replication and proceeded to take the evidence by introducing his note and mort gage.

There is no scintilla of evidence as to an existing indebtedness when the mortgage was given, and there is much from disinterested witnesses to prove that the sole consideration was to save the mortgagee Evans, harmless, in the event he should be called upon to make good his liability on the appearance bond.

Over objections as to competency, Evans testified that the considerations for the mortgage were two fold; first, to secure him in case the son should fail to appear, and, secondly, to cover any financial assistance he might give Taylor in the defense of the son; and that the night of

the day on which the mortgage was given he let Taylor have three hundred dollars in cash to employ an attorney, and in the next month, also at night, he had given Taylor four hundred dollars in cash to settle with the negroes and at other times has let him have sixty and thirty dollars. There is no legitimate evidence to corroborate this, to put it mildly, improbable testimony, notwithstanding the court permitted the witness to swear that he kept a set of books, in which these items were jotted down, but that the books had been destroyed.

We think there was error in admitting this evidence. Books of original entry are admitted as evidence, only after a physical inspection of them by the court, to ascertain the probability that they were fairly kept as contemporaneous transactions and had not been altered for ulterior purposes.

The widow and executrix had not opened the doors to the witness Evans, through whom the complainant claimed, by testifying to any such transaction or communication of her intestate. She denied, it is true, in a general way, any indebtedness on his part, but this denial must be read as to such facts as were within her own knowledge, and it does not appear that she was ever present on the occasions referred to by Evans or knew anything of them.

The note and mortgage admittedly are no evidence of any indebtedness, and the complainant having failed by competent evidence to prove any other indebtedness secured by this mortgage on the homestead, it follows that the bill should have been dismissed, and it is so ordered.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHITFIELD, J. J., concur.